IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig A. Davis,                          :
                    Petitioner           :
                                         :   No.   141 C.D. 2022
            v.                           :
                                         :   Submitted: February 24, 2023
XPO LTL Solutions (Workers'              :
Compensation Appeal Board),              :
                    Respondent           :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE STACY WALLACE, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED: December 22, 2023


            Craig Davis (Claimant) petitions for review of the January 26, 2022 order
of the Workers' Compensation Appeal Board (Board), which affirmed the decision of
a workers' compensation judge (WCJ) granting Claimant's Reinstatement Petition
(Reinstatement Petition) to reinstate temporary total disability (TTD) benefits as of
February 4, 2021, the date Claimant filed his Reinstatement Petition, rather than as of
January 15, 2016, the date his benefits were originally modified based upon the results
of an Impairment Rating Evaluation (IRE).  Applying binding precedent from this
Court, we affirm the Board.

## FACTS AND PROCEDURAL HISTORY

            The relevant facts are not in dispute and may be summarized as follows.
On May 8, 2013, Claimant sustained a lower back injury during the course and scope
of his employment as a dock worker with XPO LTL Solutions (Employer).  Employer

acknowledged the injury via a Notice of Compensation Payable, and Claimant received TTD benefits. After the payment of 104 weeks of TTD benefits,[1] Employer requested an IRE, which was performed by James Sullivan, D.O. (Dr. Sullivan) on January 15, 2016. Dr. Sullivan determined that Claimant had a 6 percent impairment rating under the 6th Edition of the American Medical Association Guides to the Evaluation of Permanent Impairment (AMA Guides) and 10 percent impairment based on the 4th Edition of the AMA Guides.

On February 1, 2016, Employer filed a Notice of Change of Workers' Compensation Disability Status (Notice of Change), modifying Claimant's disability status from total to partial as of the date of the IRE. Claimant did not contest the Notice of Change at the time of its filing. On June 20, 2017, the Pennsylvania Supreme Court struck down the IRE provisions at former Section 306(a.2) of the Workers' Compensation Act (Act)[2] as an unconstitutional delegation of legislative authority. *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017). On February 4, 2021, before the 500 weeks of his partial disability expired,[3] Claimant filed a Reinstatement Petition seeking a reinstatement of his TTD benefits effective January 15, 2016, the date of the IRE, arguing that the Supreme Court's decision in *Protz* rendered the IRE void *ab initio* and that he should not lose

---

[1] A claimant need not attend an IRE until after the claimant receives 104 weeks of total compensation. Section 306(a.3) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. § 511.3(1).

[2] Added by Section 4 of the Act of June 24, 1996, P.L. 350, formerly 77 P.S. § 511.2, repealed by Act 111.

[3] Section 306(b)(1) of the Act, 77 P.S. § 512(1), limits a claimant's receipt of partial disability benefits to 500 weeks.

234 weeks of partial disability benefits under a statute that has been deemed unconstitutional.

On April 8, 2021, before the WCJ, Claimant presented his sworn testimony. Employer submitted medical records regarding Claimant's activities and reported history for several office visits. The WCJ found Claimant's testimony credible that he continues to suffer symptoms from his work injury that disabled him from working. The WCJ rejected Employer's attempt to discredit Claimant via submitted medical records. By Decision dated September 3, 2021, the WCJ granted the reinstatement of Claimant's benefits back to TTD status as of February 4, 2021, the date Claimant filed the Reinstatement Petition, based on this Court's decision in *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018) (holding that the claimant, whose disability status was modified pursuant to an IRE rendered invalid by *Protz* and who filed a petition seeking reinstatement of total disability benefits within three years of her last payment of compensation, was entitled to reinstatement as of the date she filed her reinstatement petition, not the date of the original IRE).

Claimant appealed to the Board, arguing that the WCJ erred in reinstating the total disability status as of February 4, 2021, the date he filed the Reinstatement Petition. On September 3, 2021, the Board found no error and affirmed the WCJ's Decision and Order. Claimant's petition for review in this Court followed.

## DISCUSSION

The sole issue presented is whether the WCJ erred in reinstating Claimant's benefits as of the date he filed his Reinstatement Petition.[4] Claimant does

---

[4] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights **(Footnote continued on next page…)**

3

not address or dispute that the reinstatement date imposed by the WCJ and affirmed by the Board was consistent with this Court's decision in *Whitfield*. Instead, referencing the Supreme Court's decision in *Dana Holding Corp. v. Workers' Compensation Appeal Board (Smuck)*, 232 A.3d 629 (Pa. 2020), he argues that the Supreme Court has only addressed the issue of whether partial disability benefits should be reinstated to TTD benefits where the underlying IRE conversion **was already in litigation** at the time *Protz* was decided. He maintains that *Dana Holding* should be applied to all cases where temporary partial disability benefits **were being paid** pursuant to an invalid IRE at the time *Protz* was decided and that his TTD benefits should be reinstated back to the original date of conversion.

In *Dana Holding*, the Supreme Court addressed retroactive application of *Protz* specifically regarding a scenario in which the pertinent constitutional challenge was advanced during the course of direct appellate review. There, the claimant was in the midst of challenging the modification of his disability status before a WCJ when this Court issued its decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015), *affirmed in part and reversed in part*, 161 A.3d 827 (Pa. 2017), and his appeal of the WCJ's decision was pending before the Board when the Supreme Court decided *Protz*. *Dana Holding*, 232 A.3d at 633. The Supreme Court granted reinstatement back to the date of the original conversion, explaining that "our present decision stands for the principle that the general rule in Pennsylvania will be that, at least where prior judicial precedent [is not] overruled, a holding of this Court that a statute is unconstitutional will generally be applied to cases **pending on direct appeal** in which the constitutional challenge has been raised and preserved." *Id.* at 648-49 (emphasis added).

---

were violated. *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger)*, 38 A.3d 1037 (Pa. Cmwlth. 2011).

According to Claimant, the Supreme Court in *Dana Holding* "left open the question of how to address a case, such as this[,] that [was] "open" and **in which [the claimant] was still receiving indemnity benefits pursuant to an IRE**, but [was] not in litigation when *Protz*[] was decided." (Claimant's Br. at 4) (emphasis added). The language from *Dana Holding* upon which Claimant relies is as follows:

> At the present point in time, however, **the Court is not of a mind to exclude the possibility of equitable balancing in extraordinary cases**, particularly since no party [in] this appeal has advocated any such position.

*Dana Holding*, 232 A.3d at 649 (emphasis added).

Claimant relies on the above-emphasized language to argue that the "equitable balancing test" mentioned by the Supreme Court in *Dana Holding* warrants full retroactivity of *Protz* in this instance. He contends that he should not be penalized by losing approximately 234 weeks of partial benefits based on an invalid IRE. We disagree that the facts or circumstances identified by Claimant render this matter extraordinary such that it is distinguishable from *Whitfield*.

In *White* v. *Workers' Compensation Appeal Board (City of Philadelphia)*, 237 A.3d 1225, 1231 (Pa. Cmwlth. 2020) (*en banc*), *appeal denied*, 244 A.3d 1230 (Pa. 2021); the claimant's disability status was changed to partial based on the results of a Section 306(a.2) IRE, and, like here, the claimant did not initially challenge that conversion. As here, before 500 weeks expired, the claimant sought a reinstatement to total disability status and argued that the reinstatement should be effective as of the date of the IRE, not the date of the reinstatement petition. This Court reviewed *Dana Holding* and curtailed that decision to the situation where a claimant preserves a *Protz* challenge to an IRE during direct review. In such a scenario, we explained, a claimant is entitled to full retroactive application of the *Protz* decision and, consequently, the

date of the IRE and conversion from total to partial disability will mark the date of reinstatement of total disability benefits. However, this Court in *White* also reaffirmed our decision in *Whitfield* and, in so doing, distinguished it from *Dana Holding*. We clarified that under *Whitfield*, the result is different when a claimant challenges an IRE on *Protz* grounds, not on direct review, but in a new petition after *Protz* was decided. This Court held that, in that particular scenario, and in contrast to *Dana Holding*, "[the claimant] **was not litigating the underlying IRE when *Protz* [] was issued**. [The claimant's] modification from total to partial disability was effective in 2013 and had not been appealed. Accordingly, [the claimant] is entitled to reinstatement as of the date of her reinstatement petition, not the effective date of the change in her disability status from total to partial." *White*, 237 A.3d at 1231 (emphasis added). *See also Weidenhammer v. Workers' Compensation Appeal Board (Albright College)*, 232 A.3d 986 (Pa. Cmwlth. 2020) (rejecting the notion that the Supreme Court intended its ruling in *Protz* to be given fully retroactive effect in cases that were not on direct appeal when it was decided).

This case is governed by *Whitfield* and *White*. Here, Employer issued a Notice of Change converting Claimant's disability status from total to partial effective January 15, 2016, under former Section 306(a.2) of the Act. Claimant did not challenge that decision. Unlike the claimant in *Dana Holding*, who had appealed and was still disputing the initial modification of disability status when *Protz* was decided, Claimant did not file his Reinstatement Petition seeking reinstatement in the instant case until February 4, 2021, which was within the 500-week period but after the Supreme Court's decision in *Protz* was issued. Therefore, the WCJ correctly applied *Whitfield* and *White* in this case by reinstating Claimant's total disability status as of February 4, 2021, the

date he filed his Reinstatement Petition, rather than January 15, 2016, the date of the IRE.

Accordingly, we affirm the Board's order.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig A. Davis,       :
     Petitioner     :
           :   No.   141 C.D. 2022
     v.       :
           :
XPO LTL Solutions (Workers'    :
Compensation Appeal Board),    :
     Respondent   :

## ***ORDER***

AND NOW, this 22nd day of December, 2023, the January 26, 2022 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

           _____
           PATRICIA A. McCULLOUGH, Judge